**PUBLISH**

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

No. 97-4309

_____

D.C. Docket No. 96-10119-CV-JLK

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/02/98
THOMAS K. KAHN
CLERK

SEA SERVICES OF THE KEYS, INC., a
Florida Corporation d.b.a. Sea Two Islamorada,

Plaintiff-Appellee,

versus

STATE OF FLORIDA, The Department of
Environmental Protection,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 2, 1998)**

Before HATCHETT, Chief Judge, BLACK, Circuit Judge, and KRAVITCH, Senior Circuit
Judge.

HATCHETT, Chief Judge:

The principal issue in this case is whether Florida may invoke Eleventh Amendment immunity in an in rem admiralty action when the res is not within the state's possession. Answering in the negative as did the district court, we affirm.

## FACTS

On October 7, 1996, after receiving radio transmissions from two commercial fishermen reporting an abandoned boat off Islamorada, Florida, appellee Sea Services of the Keys, Inc. (Sea Tow) responded and found the boat.[1] Because bad weather had caused rough waters in that area, Sea Tow determined that the boat was in peril of sinking, and decided to tow it to a nearby marina. Sea Tow then contacted the Florida Marine Patrol about the boat. After the Florida Marine Patrol discovered that the boat did not have a required hull identification number (see Fla. Stat. § 328.07 (1997)), the Marine Patrol declared the boat contraband, subjecting it to the Florida Contraband Forfeiture Act (Act) and seized it.[2] See Fla. Stat. §§ 328.07(3)(b) (permitting seizure of a boat that does not have a hull identification number as contraband property and subjecting it to forfeiture under the Act); 932.701 - 932.707 (Act).

## PROCEDURAL HISTORY

Sea Tow then filed a verified in rem admiralty complaint in the District Court for the Southern District of Florida, seeking an in rem warrant for arrest of the defendant boat and title to and/or a marine salvage award against it. The district court issued the warrant for an in rem

---

[1] The fisherman contacted the Florida Marine Patrol and the United States Coast Guard about this boat. Sea Tow determined that neither agency planned to take immediate action regarding the boat.

[2] Sea Tow rescued a 29 foot "Midnight Express" motor boat and two 200 horsepower Mercury Offshore outboard motors. The two motors had identification numbers.

arrest of the boat, but appellant Florida refused to allow the United States Marshals to serve the arrest warrant. Florida also sent a letter to Sea Tow indicating its plans to initiate forfeiture proceedings against the defendant boat. The district court granted Sea Tow's motion for expedited service, and Florida became substitute custodian. Florida thereafter moved to dismiss this action for lack of jurisdiction, alleging that the Eleventh Amendment barred suit against the state. The district court denied Florida's motion, holding that Sea Tow's action was not against Florida, but an action against the defendant boat.

**STANDARD OF REVIEW**

We review de novo the district court's denial of Florida's motion to dismiss based on Eleventh Amendment immunity. See Seminole Tribe of Florida v. Florida, 11 F.3d 1016, 1021 (11th Cir. 1994), aff'd, 517 U.S. 44 (1996).

**DISCUSSION**

Florida contends that the district court erred in dismissing its action because: (1) the contraband nature of the defendant boat precludes exercising jurisdiction over it in the district court; and (2) it took legal possession of the defendant boat before Sea Tow filed this action, and therefore the Eleventh Amendment precluded an action against Florida because it had a colorable claim against the boat. We disagree and affirm because: (1) Florida did not have lawful possession of the boat pursuant to the Act, and therefore could not invoke Eleventh Amendment immunity; and (2) no liability imposed against the defendant boat would result in payments from the public funds in Florida's treasury.

According to the Supreme Court's decision in California v. Deep Sea Research, Inc., "the Eleventh Amendment does not bar the jurisdiction of a federal court over an in rem admiralty

3

action where the res is not within the State's possession." 118 S. Ct. 1464, 1467 (1998).

Florida's seizure of the defendant boat pursuant to Florida Statute section 328.07 subjected it to

the Act's rules on forfeiture. The Act provides that seizure alone does not vest Florida with legal

possession of the boat. Instead, the Act requires Florida to bring a forfeiture action in the state

court, and:

> Upon clear and convincing evidence that the contraband was being used in violation of the Florida Contraband Forfeiture Act, the court shall order the seized property forfeited to the seizing law enforcement agency. The final order of forfeiture by the court shall perfect in the law enforcement agency right, title, and interest in and to such property, subject only to the rights and interests of bona fide lienholders, and shall relate back to the date of seizure.

Fla. Stat. § 932.704(8); see also United States v. 92 Buena Vista Avenue, 507 U.S. 111, 125-26

(1993) (construing the forfeiture provision of the amendments to the Comprehensive Drug

Abuse and Prevention Act to find that retroactive vesting is not self-executing; instead the

government must win a judgment of forfeiture before title vests). At the time the United States

Marshals executed the in rem arrest warrant on the defendant boat, Florida had not received a

final order of forfeiture in the state court pursuant to the Act. Florida has therefore not perfected

lawful possession of the defendant boat, and the Eleventh Amendment did not bar Sea Tow's

action in the district court pursuant to Deep Sea Research.

Additionally, Sea Tow's seeking of title to and/or a marine salvage award against the

defendant boat imposes no liability against public funds in Florida's treasury. See Edelman v.

Jordan, 415 U.S. 651, 663-64 (1973) (holding that the Eleventh Amendment bars a suit that

seeks a liability that the state must pay from the public funds in its treasury); Jackson v. Georgia

Dept. of Transp., 16 F.3d 1573, 1577 (11th Cir.) ("The general test in determining whether the

state is the real party in interest . . . is whether the relief sought against the nominal defendant

4

would in fact operate against the state, especially by imposing liability damages that must be paid out of the public fisc."), <u>cert. denied</u>, 513 U.S. 929 (1994).  Thus, we conclude that the district court did not err in denying Florida's motion to dismiss based on Eleventh Amendment immunity.

**AFFIRMED.**

-------------------------------------------------------------------------------------------------------------

--

**BLACK, Circuit Judge, specially concurring:**

      **I concur in the result.**