**AQUA LOG, INC., a Georgia Corporation, Plaintiff/Salvor,**

v.

**LOST AND ABANDONED PRE–CUT LOGS AND RAFTS OF LOGS lying on the bottom of a navigable river within one (1) nautical mile of a point located at 31E 04.157' North Latitude and 84E 30.746' West Longitude, In Rem Defendant.**

**No. 1:07–CV–208 (WLS).**

United States District Court, M.D. Georgia, Albany Division.

Sept. 30, 2008.

John William Bass, Jr., Cairo, GA, for Plaintiff/Salvor.

James Doyle Coots, Georgia Department of Law, Atlanta, GA, for In Rem Defendant.

### *ORDER*

W. LOUIS SANDS, District Judge.

Before the Court is a Recommendation from United States Magistrate Richard L.

Hodge filed on August 19, 2008, 2008 WL 6113436. (Doc. 29). It is recommended that the State of Georgia's Motion to Dismiss (Doc. 16) be granted. (Doc. 29). Plaintiff filed a timely objection to the Report and Recommendation on September 3, 2008, and the State filed a response on September 17, 2008. (Docs. 30, 31). This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

In the Recommendation, Judge Hodge found, after extensive and detailed review of the facts and relevant caselaw, that Plaintiff's suit is barred by the Eleventh Amendment. More specifically, Judge Hodge found that the State of Georgia satisfied the three elements, articulated in *California v. Deep Sea Research, Inc.,* 523 U.S. 491, 118 S.Ct. 1464, 140 L.Ed.2d 626 (1998), necessary to establish a bar under the Eleventh Amendment to this Court's admiralty jurisdiction. As noted by Judge Hodge, those three elements are: "(1) [the property] is in actual possession of the *In Rem* Defendant (i.e., the *"res"*); (2) asserts a colorable claim to the res; and (3) has not consented to adjudication of its rights in the res by the court." *See Deep Sea Research, Inc.,* 523 U.S. 491, 118 S.Ct. 1464 (1998); *Florida Department of State v. Treasure Salvors Inc.,* 458 U.S. 670, 102 S.Ct. 3304, 73 L.Ed.2d 1057, (1982); (Doc. 29).

In its objection, Plaintiff/Salvor concedes, for the purposes of its objection only, that the State can satisfy the second and third elements listed above. However, Plaintiff contends that the State does not have **actual** possession of the *res* in question, as required by the applicable Supreme Court caselaw. Additionally, Plaintiff cites an Eleventh Circuit case it purports to be on point for the issue of actual possession.

In response, the State argues that Judge Hodge's finding on the issue of actual possession was correct and should be adopted by this Court. The State also notes that the Eleventh Circuit caselaw cited in Plaintiff's objection was not previously cited. Additionally, the State argues that the case cited by Plaintiff is distinguishable from the case at bar.

The Court notes here that Plaintiff filed the instant action against *in rem* property, "lost and abandoned pre-cut logs and rafts of logs," lying submerged under the navigable waters of the Flint River. (Doc. 1). Judge Hodge issued a Warrant of Arrest for a representative log of the *In Rem* Defendant on November 27, 2007. (Doc. 4). On that day, Judge Hodge also designated Jon Ryan Lee, Plaintiff's President, as Substitute Custodian of the representative log of the *In Rem* Defendant. On November 28, 2007, a Deputy United States Marshal returned the executed seizure warrant. (Doc. 11).

As noted by Judge Hodge, there does not appear to be any caselaw directly on point for the issues currently before the Court. With regard to the specific issue of actual possession, there is no precedent explicitly defining "actual possession," or identifying the distinction between possession and nonpossession, *Deep Sea Research,* 523 U.S. at 510, 118 S.Ct. 1464 (Kennedy, J. dissenting) (noting "the [majority] opinion's discussion of *Florida Department of State v. Treasure Salvors Inc.,* 458 U.S. 670, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982), does not embed in our law the distinction between a State's possession or nonpossession for purposes of Eleventh Amendment analysis in admiralty cases"). The most significant case from the United States Supreme Court, *Deep Sea Research,* was discussed at length by Judge

Hodge. *See* (Doc. 29). This Court's discussion of the same will be more limited due to Judge Hodge's in-depth discussion and the fact that the only issue currently before the Court is whether the State has actual possession of the *res* in question.

█ In *Deep Sea Research,* the Supreme Court considered whether the Eleventh Amendment barred a federal court's consideration of an *in rem* action filed against a wrecked steam ship, *The Brother Jonathan.* The Supreme Court held, *inter alia,* that the Eleventh Amendment does not bar jurisdiction where the *res* is "not in the possession of a sovereign." *Deep Sea Research,* 523 U.S. at 507, 118 S.Ct. 1464. The Court held that the State of California was not in possession of *The Brother Jonathan* despite arguments by California that the Abandoned Shipwreck Act of 1987 ("ASA") and Cal. Pub. Res.Code Ann. § 6313 allegedly vested title of the ship in California. *See id.* The *Deep Sea Research* Court relied on a 19th century case, *The Davis,* 77 U.S. 15, 10 Wall. 15, 19 L.Ed. 875 (1869), to support its holding that *The Brother Jonathan* was not in California's possession. In *The Davis,* the Supreme Court noted the following principle: "no suit *in rem* can be maintained against the property of the United States when it would be necessary to take such property out of the possession of the government by any writ of process of the court." 77 U.S. at 19. The Court then proceeded to analyze the facts before it by applying the above principle. The following excerpt from the Court's opinion is informative:

> But what shall constitute a possession which, in reference to this matter, protects the goods from the process of the court? The possession which would do this must be an actual possession, ***and not that mere constructive possession*** which is very often implied by reason of

ownership under circumstances favorable to such implication. We are speaking now of a possession which can only be changed under process of the court by bringing the officer of the court into collision with the officer of the government, if the latter should choose to resist. The possession of the government can only exist through some of its officers, using that phrase in the sense of any person charged on behalf of the government with the control of the property, ***coupled with its actual possession.*** This, we think, is a sufficiently liberal definition of the possession of property by the government to prevent any unseemly conflict between the court and the other departments of the government, and which is consistent with the principle which exempts the government from suit and its possession from disturbance by virtue of judicial process. (Emphasis added). *Id.* at 20.

As noted by the *Deep Sea Research* Court, the "fundamental premise" of *The Davis* opinion "remains valid."

█ Based on the Supreme Court's opinions in *Deep Sea Research* and *The Davis,* this Court holds that the State of Georgia does not have "actual possession" of the *in rem* Defendant logs, and did not have "actual possession" of the representative log retrieved from the Flint River, on the basis of O.C.G.A. §§ 12–3–81 and 12–3–82. The argument that the Georgia statute vests title in all "deadhead logs" is irrelevant to the Court's determination of whether the State has actual possession of the *res* at issue here. *See Deep Sea Research,* 523 U.S. at 494–509, 118 S.Ct. 1464. Similarly, the State of California alleged that both a federal and state statute vested title to the *res* in question with the State. Despite California's claims, the Supreme Court held that the State was not in actual possession of the *res.* Further-

more, the Court's reliance and citation to the *The Davis* opinion is further indication that a state's claim to property through mere statutory means is not sufficient to establish actual possession. *See The Davis,* 77 U.S. at 20. The pronouncement in the Georgia statutes is more analogous to the "mere constructive possession which is very often implied by reason of ownership under circumstances favorable to such implication." *See id.*

The Court agrees with the State's argument that *actual* "collision" between an Officer of the Court and a State officer is not necessary to establish actual possession. However, the State's possession must be "actual" such that if an Officer of the Court were to attempt to capture control of the *res* in question, there would in fact be a collision between the Court Officer and the State Officer without a doubt. *See id.* Stated more plainly, the State's contention that the "potential" for "collision" is sufficient is inaccurate. For instance, in the case at bar, there was the "potential" for "collision" when the Deputy United States Marshal seized the representative log discussed above. This "potential" existed due to the possibility that, under the applicable Georgia statute, the State through the appearance of its officer may have been at the location and made an attempt to prevent the Federal Deputy's actions. Contrarily, the representative log in question was seized without incident. Therefore, in this very case, the potential for "collision" did not actually come to fruition. Based on all of the above, the

Court holds that the state has not had and does not have "actual possession," as required, based on a statutory scheme alone.[1] Having found a lack of actual possession on the part of the state, the Court need not address the remaining two factors.

For all of the above reasons, the Court holds that Plaintiff/Salvor's Objections (Doc. 30) are **SUSTAINED.**

Therefore, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 29) is not **ACCEPTED** and **ADOPTED** by the Court. Accordingly, the State of Georgia's Motion to Dismiss (Doc. 16) is **DENIED.** The above captioned matter is hereby **ORDERED** to proceed on the merits.

---

1. Although, as noted above, there is no Eleventh Circuit caselaw clearly on point, this result appears to be supported by the Eleventh Circuit caselaw available. *See, e.g., Sea Services of the Keys, Inc. v. Florida,* 156 F.3d 1151, 1153 (11th Cir.1998) (affirming the district court's denial of the State's Motion to Dismiss where the State had physical possession of the *res* in question but did not have

"legal possession"); *Bouchard Transportation Comp. v. Updegraff,* 147 F.3d 1344, 1349 (11th Cir.1998) (analogizing an admiralty limitation proceeding to an *in rem* action and holding that the State of Florida did not have possession of the disputed *res,* a security bond, which was actually in the "possession of the federal judiciary").